JAMES T. WHITE & COMPANY, Respondents, v. T. J. MASSEY, Appellant.

St. Louis Court of Appeals, February 25, 1896.

**Sales:** SOLICITING AGENT: EXPRESS LIMITATION OF AUTHORITY. An agent who solicits an order in writing can not bind his principal by an oral alteration of its terms, when his authority is restricted to the mere solicitation of contracts in writing, and the person giving the order has knowledge thereof.

*Appeal from the Webster Circuit Court.*—HON. ARGUS Cox, Judge.

AFFIRMED.

*Dickey & McDowell* for appellant.

*Selph & Rush* and *J. P. Smith* for respondent.

BOND, J.—This suit was brought before a justice on the following contract:

"Place and date, August 4, Duncan, 1892.

"*Messrs. James T. White & Co., Publishers, New York.*

"GENTLEMEN:—Please deliver at once, or about the time herein specified, according to shipping directions given below, one White's Physiological Manikin, cabinet edition, with obstetrical supplement. Price, $45. In consideration of its delivery for me, freight prepaid, at the express office specified below, I promise to pay to the publishers, or their order, the sum of $45, as follows: Ten dollars upon delivery at the express office, and the balance in monthly payments of $2.50 each, payable in New York on the first (or) ——— of each month and every month thereafter, until the whole amount is paid, for which the publishers are authorized to draw, when due.

"It is hereby expressly agreed that, in case of a failure to pay any one of said installments, after maturity thereof, all of said installments remaining unpaid shall immediately become due and payable, and the said James T. White & Co. may take, or cause to be taken, the said manikin from the possession of the said subscriber, or other representative to whom he may have delivered the same, without recourse against said James T. White & Co. for any money paid on account thereof; it being expressly agreed that the money so

paid on account shall be for the use and wear of said manikin. No money is to be paid to the solicitor on this contract.

| | |
|---|---|
| Credit Obs. Sup. $10.<br>Shipping directions,<br>    To be filed by the agent.<br><br>To whom sent,<br>    T. J. Massey.<br>Town, Duncan,<br>County, Webster,<br>State, Mo.<br>Express office, Marshfield. | Shipped about<br>    Jan. 1, 1893.<br>Signed,<br>    T. J. Massey.<br>Solicitor,<br>    W. L. Rankin. |

"Any statement, verbal or otherwise, to be recognized, must be written on the face of this contract in ink."

Defendant answered, admitting the execution of the contract and averring that it was thereafter substituted by a verbal agreement, to wit: "The property mentioned was to be retained by plaintiffs, and not shipped until defendant should write and order the shipment thereof." The answer further alleged that no order for the shipment of the property had been made by defendant, nor had he received the same. On a trial in the justice's court there was a judgment for defendant, from which plaintiffs appealed to the circuit court. On a trial in the latter court it appeared in evidence that plaintiffs complied with the terms of the written contract by shipping the property as therein directed, and that defendant upon notice of its arrival refused to accept or pay for the same. For defendant, there was evidence showing that he made the contract in suit with one Rankin, the traveling salesman of plaintiffs, and that, shortly thereafter, defendant and said Rankin entered into the verbal agreement set up in the answer.

There was no evidence that said Rankin, the agent of plaintiffs in procuring the contract, had any other or further authority to act in their behalf than was shown on the face of the written contract sued upon. The court instructed the jury to return a verdict for plaintiffs for $35, the sum shown to have been due under the contract. Defendant appeals, and assigns for error the giving of this instruction.

The only question thus presented is whether the agent, Rankin, had authority to rescind, or modify, the written contract by a subsequent oral agreement. According to the limitations of authority as deducible from the language of the contract, the agent of plaintiffs was restricted to a mere solicitation of contracts in writing. He could "receive no money thereon," and "any statement, verbal or otherwise, to be recognized must be written on the face of this contract in ink." Hence, it is clear that the agent had no power to rescind or modify the written contract by a verbal agreement. The contract in suit was read over and signed by defendant, as is shown in his testimony. He was thus apprised of the exact extent of the authority of the agent as to the making or alteration of contracts on behalf of his principals. He knew, therefore, that the oral agreement set up in his answer was in direct contravention of the power conferred upon the agent. With such knowledge he could not bind the principals by an unauthorized agreement had with their agent. The court evidently took this view of the law, and rightfully directed the jury to find for the plaintiffs. Its judgment is, therefore, affirmed. All concur.